IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

CLARKSVILLE MONTGOMERY COUNTY SCHOOL SYSTEM,

Plaintiff,

v.

MISTY ALDRIDGE AND KENNY ALDRIDGE, INDIVIDUALLY AND ON BEHALF OF THEIR MINOR CHILD M.A.; AINSLEY ROBERTS AND KENNETH BURRUS, INDIVIDUALLY AND ON BEHALF OF THEIR MINOR CHILD K.B.; RACHEL BUTLER AND STEVEN BUTLER, INDIVIDUALLY AND ON BEHALF OF THEIR MINOR CHILD L.B.; AKEEM HUMPHREY AND BRITNEY OTTO, INDIVIDALLY AND ON BEHALF OF THEIR MINOR CHILD A.H.; JAMES LONG AND CANDICE LONG, INDIVIDUALLY AND ON BEHALF OF THEIR MINOR CHILD J.L.; DIANA MCCLAIN, INDIVIDUALLY AND IN HER CAPACITY AS GUARDIAN AND NEXT FRIEND OF J.M.; SHAREKA WASHINGTON, INDIVIDUALLY AND ON BEHALF OF HER MINOR CHILD I.N.; LIZ ACEVEDO DENIS AND EDGARDO ORTIZ, INDIVIDUALLY AND ON BEHALF OF THEIR MINOR CHILD E.A.; WHITNEY WILSON AND DEVIN PEARSON, INDIVIDUALLY AND ON BEHALF OF THEIR MINOR CHILD A.P.; SIGRID MUELLER AND BRIAN RAGAIN, INDIVIDUALLY AND ON BEHALF OF THEIR MINOR CHILD B.R.; EMILY SHELTON AND NICHOLAS SHELTON, INDIVIDUALLY AND ON BEHALF OF THEIR MINOR CHILD S.S.; CLAIRRE STRICKLAND-SMITH AND JONATHAN SMITH, INDIVIDUALLY AND ON BEHALF OF THEIR MINOR CHILD W.S.; MEGAN TANT AND JOSEPH TANT, INDIVIDUALLY AND ON BEHALF OF THEIR MINOR CHILD N.T.; JEROME DAVIS, INDIVIDUALLY AND IN HIS CAPACITY AS GUARDIAN AND NEXT FRIEND OF E.U.; OPRAH LEE, INDIVIDUALLY AND ON BEHALF OF HER MINOR CHILD, A.V.; RACHEL SLATER AND TRAVIS CLEMENS, INDIVIDUALLY AND ON BEHALF OF THEIR MINOR CHILD H.C.; JOHN DAVIS AND JESSICA DAVIS, INDIVIDUALLY AND ON BEHALF OF THEIR MINOR CHILD Z.D.; LYNETTE WHITED, INDIVIDUALLY AND ON BEHALF OF HER MINOR CHILD, A.E.;

Case No. CaseNumber

CHARLOTTE FREE AND JAMES FREE, INDIVIDUALLY AND ON BEHALF OF THEIR MINOR CHILD A.F.; AMBER HAMILTON, INDIVIDUALLY AND ON BEHALF OF HER MINOR CHILD C.H.; ASHLEY BOURNE AND ELLIOT HARRIS, INIDIVIDUALLY AND ON BEHALF OF THEIR MINOR CHILD E.H.; HEATHER HARRIS, INDIVIDUALLY AND ON BEHALF OF HER MINOR CHILD K.H.; ROSALEE LUGO AND XAVIEL LUGO, INDIVIDUALLY AND ON BEHALF OF THEIR MINOR CHILD X.L.; JACQUELINE FLORES AND ENRIQUE MARTINEZ, INDIVIDUALLY AND ON BEHALF OF THEIR MINOR CHILD A.F.; MOUNTAIN LAUREL ASSURANCE; GEICO INDEMNITY COMPANY; ERIE INSURANCE EXCHANGE; PRIORITY AMBULANCE; JOHN DOE; AND JANE DOE.

Defendants.

**COMPLAINT**

1. Plaintiff, the Clarksville Montgomery County School System ("CMCSS"), is a governmental entity and public school system organized and existing under the laws of the State of Tennessee, located in Montgomery County, Tennessee. CMCSS is a "governmental entity" as defined by and subject to the Tennessee Governmental Tort Liability Act ("TGTLA"), Tennessee Code Annotated § 29-20-101 *et seq.* As set forth below, on March 27, 2026 a bus owned and operated by CMCSS was involved in a tragic motor vehicle collision resulting in the death or injury of multiple individuals who were occupants of the bus and who either are or may claim to be entitled to money damages from CMCSS.

2. Defendants Misty Aldridge and Kenny Aldridge are the parents of minor child M.A, who was a passenger on the bus during the March 27, 2026 bus crash but does not have the legal capacity to sue or be sued in his own name. They may have claims against CMCSS individually and on behalf of M.A. for damages resulting from the crash. They are residents of Montgomery County, Tennessee.

3. Defendants Ainsley Roberts and Kenneth Burrus are the parents of minor child K.B, who was a passenger on the bus during the March 27, 2026 bus crash but does not have the legal capacity to sue or be sued in her own name. They may have claims against CMCSS individually and on behalf of K.B. for damages resulting from the crash. They are residents of Montgomery County, Tennessee.

4. Defendants Rachel Butler and Steven Butler are the parents of minor child L.B., who was a passenger on the bus during the March 27, 2026 bus crash but does not have the legal capacity to sue or be sued in her own name. They have asserted claims against CMCSS individually and on behalf of L.B. for damages resulting from the crash. They are residents of Montgomery County, Tennessee.

5. Defendants Rachel Slater and Travis Clemens are the parents of minor child H.C., who was a passenger on the bus during the March 27, 2026 bus crash but does not have the legal capacity to sue or be sued in her own name. They have asserted claims against CMCSS for damages resulting from the crash. They are residents of Montgomery County, Tennessee.

6. Defendants John Davis and Jessica Davis are the parents of Z.D., who was a minor child who passed away during the March 27, 2026 bus crash. Defendants John Davis and Jessica Davis have asserted claims against CMCSS related to the crash. They are residents of Montgomery County, Tennessee.

7. Defendant Lynette Whited is the parent of minor child A.E., who was a passenger on the bus during the March 27, 2026 bus crash but does not have the legal capacity to sue or be sued in her own name. She may have claims against CMCSS individually and on behalf of A.E. for damages resulting from the crash. They are residents of Montgomery County, Tennessee.

8. Defendants Charlotte Free and James Free are the parents of minor child A.F, who was a passenger on the bus during the March 27, 2026 bus crash but does not have the legal capacity to sue or be sued in his own name. They may have claims against CMCSS individually and on behalf of A.F. for damages resulting from the crash. They are residents of Montgomery County, Tennessee.

9. Defendant Amber Hamilton is the parent of minor child C.H., who was a passenger on the bus during the March 27, 2026 bus crash but does not have the legal capacity to sue or be sued in his own name. She may have claims against CMCSS individually and on behalf of C.H. for damages resulting from the crash. They are residents of Montgomery County, Tennessee.

10. Defendants Ashley Bourne and Elliot Harris are the parents of minor child E.H., who was a passenger on the bus during the March 27, 2026 bus crash but does not have the legal capacity to sue or be sued in his own name. They may have claims against CMCSS individually and on behalf of E.H. for damages resulting from the crash. They are residents of Montgomery County, Tennessee.

11. Defendant Heather Harris is the parent of minor child K.H., who was a passenger on the bus during the March 27, 2026 bus crash but does not have the legal capacity to sue or be sued in his own name. She may have claims against CMCSS individually and on behalf of K.H. for damages resulting from the crash. They are residents of Montgomery County, Tennessee.

12. Defendants Akeem Humphrey and Britney Otto are the parents of minor child A.H., who was a passenger on the bus during the March 27, 2026 bus crash but does not have the legal capacity to sue or be sued in his own name. They may have claims against CMCSS individually and on behalf of A.H. for damages resulting from the March 27, 2026 bus crash. They are residents of Montgomery County, Tennessee.

13. Defendants James Long and Candice Long are the parents of minor child J.L., who was a passenger on the bus during the March 27, 2026 bus crash but does not have the legal capacity to sue or be sued in her own name. They may have claims against CMCSS individually and on behalf of J.L. for damages resulting from the crash. They are residents of Montgomery County, Tennessee.

14. Defendants Rosalee Lugo and Xaviel Lugo are the parents of minor child X.L., who was a passenger on the bus during the March 27, 2026 bus crash but does not have the legal capacity to sue or be sued in her own name. They have asserted claims against CMCSS individually and on behalf of X.L. for damages resulting from the crash. They are residents of Montgomery County, Tennessee.

15. Defendants Jacqueline Flores and Enrique Martinez are the parents of minor child A.F., who was a passenger on the bus during the March 27, 2026 bus crash but does not have the legal capacity to sue or be sued in his own name. They may have claims against CMCSS individually and on behalf of A.F. for damages resulting from the crash. They are residents of Montgomery County, Tennessee.

16. Defendant Diana McClain is the legal guardian of minor child J.M., who was a passenger on the bus during the March 27, 2026 bus crash but does not have the legal capacity to sue or be sued in his own name. She has asserted claims against CMCSS individually and on behalf of J.M. for damages resulting from the crash. They are residents of Montgomery County, Tennessee.

17. Defendant Shareka Washington is the parent of minor child I.N., who was a passenger on the bus during the March 27, 2026 bus crash but does not have the legal capacity to sue or be sued in his own name. She has asserted claims against CMCSS individually and on behalf

of I.N. for damages resulting from the crash. They are residents of Montgomery County, Tennessee.

18. Defendants Liz Acevedo Denis and Edgardo Ortiz are the parents of minor child E.A., who was a passenger on the bus during the March 27, 2026 bus crash but does not have the legal capacity to sue or be sued in his own name. They may have claims against CMCSS individually and on behalf of E.A. for damages resulting from the crash. They are residents of Montgomery County, Tennessee.

19. Defendants Whitney Wilson and Devin Pearson are the parents of A.P., who was a minor child who passed away during the March 27, 2026 bus crash. Defendants Whitney Wilson and Devin Pearson have asserted claims, individually and on behalf of their minor child, against CMCSS related to the crash. Defendant Whitney Wilson is a resident of Montgomery County, Tennessee. Defendant Devin Pearson is a resident of Sumter County, South Carolina.

20. Defendants Sigrid Mueller and Brian Ragain are the parents of minor child B.R., who was a passenger on the bus during the March 27, 2026 bus crash but does not have the legal capacity to sue or be sued in his own name. They have asserted claims against CMCSS individually and on behalf of B.R. for damages resulting from the crash. They are residents of Montgomery County, Tennessee.

21. Defendants Emily Shelton and Nicholas Shelton are the parents of minor child S.S., who was a passenger on the bus during the March 27, 2026 bus crash but does not have the legal capacity to sue or be sued in his own name. They have asserted claims against CMCSS individually and on behalf of S.S. for damages resulting from the crash. They are residents of Montgomery County, Tennessee.

22. Defendants Clairre Strickland-Smith and Jonathan Smith are the parents of minor child W.S., who was a passenger on the bus during the March 27, 2026 bus crash but does not have the legal capacity to sue or be sued in his own name. They have asserted claims against CMCSS individually and on behalf of W.S. for damages resulting from the crash. They are residents of Montgomery County, Tennessee.

23. Defendants Megan Tant and Joseph Tant are the parents of minor child, N.T., who was a passenger on the bus during the March 27, 2026 bus crash but does not have the legal capacity to sue or be sued in her own name. They have asserted claims against CMCSS individually and on behalf of N.T. for damages resulting from the crash. They are residents of Montgomery County, Tennessee.

24. Defendant Jerome Davis is the legal guardian of minor child E.U., who was a passenger on the bus during the March 27, 2026 bus crash but does not have the legal capacity to sue or be sued in his own name. He may have claims against CMCSS individually and on behalf of E.U. for damages resulting from the crash. He is a resident of Montgomery County, Tennessee.

25. Defendant Oprah Lee is the parent of minor child A.V., who was a passenger on the bus during the March 27, 2026 bus crash but does not have the legal capacity to sue or be sued in his own name. She may have claims against CMCSS individually and on behalf of A.V. for damages resulting from the crash. They are residents of Montgomery County, Tennessee.

26. Defendant Mountain Laurel Assurance, NAIC 44180, is a property and casualty insurance subsidiary of The Progressive Corporation. Upon information and belief, Mountain Laurel Assurance maintains or may maintain a subrogation claim over and against CMCSS as to any amounts paid as benefits under its underinsured motorist coverage issued to one or more of the defendants above. Defendant Mountain Laurel Assurance is organized and has its principal

places of business in the State of Ohio. It can be served with process at TN Commissioner of Ins., 500 James Robertson Parkway, Nashville, TN 37243.

27. Upon information and belief, Defendant Geico Indemnity Company, NAIC 22055, maintains or may maintain a subrogation claim over and against CMCSS as to any amounts paid as benefits under its underinsured motorist coverage issued to one or more of the defendants above. Defendant Geico Indemnity Company is organized and has its principal place of business in the State of Maryland. It can be served with process upon its registered agent at 2200 1 Nashville Pl, 150 4th Ave N, Nashville, TN 37219.

28. Upon information and belief, Defendant Erie Insurance Exchange, NAIC 26271, maintains or may maintain a subrogation claim over and against CMCSS as to any amounts paid as benefits under its underinsured motorist coverage issued to one or more of the defendants above. Defendant Erie Insurance Exchange is organized and has its principal place of business in the State of Pennsylvania. It can be served with process at TN Commissioner of Ins., 500 James Robertson Parkway, Nashville, TN 37243.

29. Upon information and belief, Defendant Priority Ambulance maintains a claim over and against CMCSS for fees related to the March 27, 2026 bus crash. Priority Ambulance is incorporated in the State of Delaware and headquartered in the State of Tennessee. It can be served with process at C T CORPORATION SYSTEM, 300 Montvue Rd, Knoxville, TN 37919-5546.

30. Defendants John/Jane Does are persons or entities currently unknown to CMCSS who have asserted or may assert claims against CMCSS arising from the accident described herein either directly or indirectly or alternatively as subrogee, in whole or in part, of any claimant herein.

## JURISDICTION AND VENUE

31. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1335. CMCSS has in its custody or possession money or property of the value of $500 or more—namely, the Seven Hundred Thousand Dollar ($700,000) limited fund representing CMCSS's maximum aggregate liability under the TGTLA—and two or more adverse claimants of diverse citizenship who are claiming or may claim to be entitled to that fund. Specifically, Defendant Devin Pearson is a citizen of South Carolina, Defendant Mountain Laurel Assurance is a citizen of Ohio, Defendant Erie Insurance Exchange is a citizen of Pennsylvania, and Defendant Geico Indemnity Company is a citizen of Maryland, and the remaining Defendants, including the other claimants identified above, are citizens of Tennessee. Minimal diversity among adverse claimants is sufficient under § 1335 to establish federal subject matter jurisdiction. Personal jurisdiction is also proper.

32. Contemporaneously with the filing of this Complaint, or upon such order as the Court may enter, CMCSS will deposit the sum of $700,000 into the registry of the Court pursuant to 28 U.S.C. § 1335(a)(2).

33. Venue is proper in this District and Division pursuant to 28 U.S.C. § 1397 because one or more Claimants reside in Montgomery County, Tennessee, which lies within the Nashville Division of the Middle District of Tennessee. 28 U.S.C. § 123(b)(1).

## FACTUAL BACKGROUND

34. CMCSS is a governmental entity subject to the Tennessee Tort Liability Act ("TGTLA"), Tennessee Code Annotated § 29-20-101 *et seq*. Pursuant to Tennessee Code Annotated § 29-20-201(a), "[e]xcept as may be otherwise provided in this chapter, all governmental entities shall be immune from suit for any injury which may result from the activities

of such governmental entities wherein such governmental entities are engaged in the exercise and discharge of any of their functions, governmental or proprietary."

35. Notwithstanding the general immunity conferred by the TGTLA, Tennessee Code Annotated § 29-20-202(a) provides that "[i]mmunity from suit of all governmental entities is removed for injuries resulting from the negligent operation by any employee of a motor vehicle or other equipment while in the scope of employment."

36. On or about March 27, 2026, Sabrina Ducksworth, an employee of CMCSS, was operating a CMCSS school bus when the bus was involved in a motor vehicle accident in Carroll County, Tennessee. At the time, several passengers, including minor children, were riding on the school bus.

37. As a result of the accident, two passengers—minors Z.D. and A.P.—passed away, and several other passengers sustained bodily injuries of varying degrees of severity for which medical treatment was obtained or is ongoing.

38. Several of the Defendants have asserted or may assert claims against CMCSS for wrongful death, bodily injury, and other damages arising from the motor vehicle accident.

39. Tennessee Code Annotated § 29-20-403(b)(4) establishes the minimum liability limits for governmental entities, including a limit of not less than Three Hundred Thousand Dollars ($300,000) for bodily injury or death of any one person in any one accident, occurrence, or act, and not less than Seven Hundred Thousand Dollars ($700,000) for bodily injury or death of all persons in any one accident, occurrence, or act.

40. Pursuant to the TGTLA, Tennessee Code Annotated § 29-20-311, "[n]o judgment or award rendered against a governmental entity may exceed the minimum amounts of insurance coverage for death, bodily injury and property damage liability specified in § 29-20-403, unless

such governmental entity has secured insurance coverage in excess of such minimum requirements." However, as set forth in 29-20-404(a), "[a] governmental entity or the insurer of such governmental entity shall not be held liable for any claim arising under state law for which the governmental entity has immunity under this chapter unless the governmental entity has expressly waived such immunity. A governmental entity or the insurer of such governmental entity shall not be held liable for any judgment in excess of the limits of liability set forth in § 29-20-403, unless the governmental entity has expressly waived such limits. The waiver of such immunity or such limits of liability by a governmental entity shall only be valid if such waiver is expressly contained in the provisions or endorsement of a policy or contract of insurance authorized by this chapter to cover its liability under this chapter."

41. CMCSS has not waived immunity or such limits of liability imposed by the TGTLA. Accordingly, CMCSS's maximum aggregate liability for the March 27th motor vehicle accident is Seven Hundred Thousand Dollars ($700,000) for bodily injury or death of all persons arising from the occurrence.

## INTERPLEADER ALLEGATIONS

42. The TGTLA, specifically Tennessee Code Annotated 29-20-202(a), removes CMCSS's sovereign immunity for injuries resulting from the negligent operation of a motor vehicle by a CMCSS employee acting within the course and scope of employment as certain defendants have alleged.

43. However, under the TGTLA, CMCSS's total liability arising from the March 27, 2026 accident is subject to the statutory caps set forth in Tennessee Code Annotated §29-20-403. CMCSS's maximum aggregate liability for all claims of bodily injury and death arising from the accident does not exceed Seven Hundred Thousand Dollars ($700,000).

44. The aggregate claims asserted or expected to be asserted by the Defendants against CMCSS arising from the bus accident exceed, or are reasonably expected to exceed, CMCSS's maximum statutory liability of Seven Hundred Thousand Dollars ($700,000) under Tennessee Code Annotated §29-20-403.

45. CMCSS faces multiple, competing claims for money damages from a limited fund. The Defendants assert adverse and competing claims against CMCSS for portions of the same limited fund—namely, CMCSS's maximum statutory liability under the TGTLA—such that payment of any one claim reduces the amount available to satisfy the others, and CMCSS is exposed to the risk of multiple and inconsistent judgments and to litigation in multiple forums that, in the aggregate, could exceed the statutory cap.

46. CMCSS is a disinterested stakeholder with respect to the fund at issue. CMCSS does not claim any interest in the fund beyond its statutory obligation under the TGTLA to satisfy claims determined to be valid up to the applicable liability limits. CMCSS has no interest in how the limited fund is allocated among the competing Defendants.

47. Pursuant to 28 U.S.C. § 1335, CMCSS brings this statutory interpleader action to deposit the sum of Seven Hundred Thousand Dollars ($700,000)—representing CMCSS's maximum per-occurrence liability under Tennessee Code Annotated § 29-20-403(b)(4)—into the registry of this Court. CMCSS does not concede liability and, consistent with Federal Rule of Civil Procedure 22(a)(1)(B), expressly avers that, subject to the Court's determination, it is not or may not be liable in whole or in part to any or all of the claimants herein. CMCSS reserves all defenses to the merits of each claim.

48. Upon deposit of said funds, CMCSS respectfully requests that this Court, pursuant to 28 U.S.C. § 2361, to restrain all Defendants from instituting or prosecuting any proceeding in

any State or United States court affecting the fund or CMCSS's liability arising from the March 27, 2026 bus accident; determine the proper allocation of the deposited funds among the Defendants according to their respective rights; and discharge CMCSS from any further liability under TGTLA arising from the March 27, 2026 bus accident.

Respectfully submitted,

/s/ Timothy A. Palmer ________________
Timothy A. Palmer, TN #8993
Olivia R. Schwab, TN #042155
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Truist Plaza
401 Commerce Street, Suite 1200
Nashville, TN 37219-2446
Telephone: 615-254-1900
Facsimile: 615-254-1908

*Attorneys for Plaintiff*